FILED

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

03 FEB 12 AM 11:04

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

8:03CV236-T-17 EAJ

| | |
|---|---|
| David Miguel Vicente | |
| Plaintiff, | COMPLAINT FOR HARASSMENT AND BRUTALITY |
| v. | |
| CITY OF TAMPA POLICE DEPARTMENT, residing in THE STATE OF FLORIDA, in which has the power to enforce the law in its jurisdiction. | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff Vincente Miguel deemed by the courts properly named David Miguel Vicente, for its complaint against Defendant City of Tampa Police Department residing in the State of Florida, in which has the power to enforce the law in its jurisdiction alleges as follows.

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action under Title 28 of the United States Code, Section 1332 in that it is a civil action between citizens of different states (as alleged specifically below) in which the amount in controversy exceeds for each cause of action, exclusive of costs and interest, seventy-five thousand dollars ($75,000). Venue is proper in this district pursuant to Title 28 of the United States Code, Section 1391(a), because the City of Tampa Police Department resides in this district and is subject to personal jurisdiction in this District of Hillsborough County.

### NATURE OF THE CASE

2. This lawsuit arises out of The City of Tampa Police Department cruel and unjust act of Police Harassment and Brutality. An innocent student known to the courts as Vincente Miguel had his rights taken away in front of the home in which he resides by unlawful acts by those deemed to uphold the law. Officers P. Bucher of the City of Tampa Police department had no reasonable cause of action towards Vincente Miguel. Upon arrest, no law was broken except for the rights taken away by the officers. Officers P. Bucher and J. Tack used unnecessary force on Vincente Miguel to brutalize and deprive him of any of his rights. This lawsuit arises out of the rights that are reserved to every individual and citizens of the United States of America.

/

## THE PARTIES

3. Plaintiff Vincente Miguel Properly named David Miguel Vicente was born on March 21, 1981. Vincente Miguel as known in the courts, will receive an Associates of Arts degree in March 2003 from Hillsborough County Community College which is an accredited college residing in the State of Florida. David Miguel Vicente as the courts will know him will attend the University of South Florida come May 2003 for the beginning of the Summer/Fall semester if all work out accordingly. Vincente Miguel as the courts will know him excels in the athletics of football, Baseball and Track.

4. Upon information and belief, Defendant City of Tampa Police Department has the power to enforce the laws in its jurisdiction. Upon information and belief, The City of Tampa Police Department has the authority to arrest a person if the officer has reasonable ground to believe that the person is violating a condition imposed. In this case the laws of the United States of America.

## GENERAL ALLEGATIONS

5. Officer P. Bucher of the City of Tampa Police Department, Pursued the Plaintiff Vincente Miguel properly named David Miguel Vicente, 1987 Cadillac El Dorado without probable cause of action.

6. Officer P. Bucher of the City of Tampa Police Department, Pursued the Plaintiff Vincente Miguel properly named David Miguel Vicente based on the color of his skin to incur any wrongful action or conduct which did not occur.

7. Officer P. Bucher of The City of Tampa Police Department improperly signaled to the Plaintiff Vincente Miguel properly named David Miguel Vicente to pull over his vehicle based on Harassment. Officer P. Bucher pursued the Plaintiff Vincente Miguel with the police lights off and headlights off at night. Only when the Plaintiff Vincente Miguel stopped in front of the home in which he resides was when Officer P. Bucher signaled to the Plaintiff Vincente Miguel to remain in his vehicle after the Plaintiff Vincente Miguel got out of his vehicle to enter the home in which he resides.

8. The Plaintiff Vincente Miguel properly named David Miguel Vicente, was harassed because of the color of his skin by The City of Tampa Police Department.

9. The Plaintiff Vincente Miguel properly named David Miguel Vicente, was removed from his vehicle based on Racism and Harassment without proper cause and reason. Under Title 18 of the United States Code, Section 242 whoever, under the color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any state, territory, commonwealth, possession, or district to the deprivation of any rights, privileges, or immunities secured or protected by the constitution or laws or laws of the United States or to different punishment, pains or penalties on the account or by reason of his color or race is in clear violation of the laws of the United States of America.

10. No indication was given to the Plaintiff Vincente Miguel properly named David Miguel Vicente of an arrest by the Defendant officers P. Bucher and J. Tack of The City of Tampa Police Department with the intent to use brutal force. Under Title 18 of the United States Code, Section 241 if two or more persons conspire to injure, oppress, threaten or intimidate any person in any state, territory, commonwealth, possession, or district in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States of America is in clear violation.

11. The Defendant P. Bucher and J. Tack of The City of Tampa Police Department used unnecessary force upon the arrest. Under Title 18 of the United States Code, Section 2340 defines TORTURE (1) means an act committed by a person acting under the color of law specifically intended to inflict severe physical or mental pain or suffering upon another person within his custody or physical control. (C.) Or the threat of imminent death. If a person commits an act of Torture it is in violation of a persons Rights, Life, Liberty and Pursuit of Happiness.

12. Defendant Officers P. Bucher and J. Tack of The City of Tampa Police Department, used the authority given by the people to use against the people. In this case, the Plaintiff Vincente Miguel properly named David Miguel Vicente.

13. Defendant Officers P. Bucher and J. Tack of The Tampa Police Department, used unnecessary physical force to degrade the Plaintiff Vincente Miguel properly named David Miguel Vicente as a human being.

14. Improper tone of language was used to degrade the Plaintiff Vincente Miguel properly named David Miguel Vicente as a human being.

15. Defendant Officer P. Bucher of The Tampa Police Department removed the rights of Plaintiff Vincente Miguel properly named David Miguel Vicente by force and not by law in which P. Bucher has sworn to offend.

16. Upon the arrest with the Plaintiff Vincente Miguel properly named David Miguel Vicente was bound by handcuffs and unnecessary and brutal force was used to destroy Plaintiff Vincente Miguel as a person. Amendment Eight (8) of the United States Constitution reads as follows, Excessive bail shall not be required, Nor excessive fines imposed, or cruel and unusual punishment inflicted. Cruel and unusual punishment is so disproportionate of a crime that is inflicted that it shocks the conscience and offends fundamental notions of human dignity.

17. Upon arrest the Plaintiff Vincente Miguel properly named David Miguel Vicente vehicle was searched by Officers from The City of Tampa Police Department and eventually seized by an independent tow truck company working under the Tampa Police Department from in front of the home in which he resided until November 23 2002. 8204 Alaska Street, Tampa Florida 33604. Under Title 18 of the United States Code, Section 2236 whoever being an officer, agent or employee of the United States or Department or agency thereof engaged in the enforcement of any law of the United States, searches any private dwelling without a warrant directing such a search or maliciously and without reasonable cause is a clear violation of a persons rights. Amendment Four (4) of the United States Constriction reads as follows, the right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath of affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

18. Defendant Officers P. Bucher of The City of Tampa Police Department, intent was not to enforce the law because none was broken but to abuse the law, which he has not written. Under Title 18 of the United States Code, Section 3062 a law enforcement Officer who is authorized to arrest for an offense committed in his presence, may arrest a person if the officer has reasonable ground to believe that the person is violating a condition imposed. In this case the Laws of the United States of America. No law was broken so the Plaintiff Vincente Miguel could not be arrested and jailed.

19. Defendant Officers P. Bucher and J. Tack of The Tampa Police Department residing in the State of Florida abused the authority they were given by the State of Florida and the City to gain control of a situation that was never out of control.

20. Amendment Six (6) of the United States Constitution "Rights of the Accused" reads as follows, a person has to be informed of the nature and cause of the accusation upon arrest and the offenses for which you are being held. If you are arrested with or without a warrant you must be informed why you are being arrested and taken to the station. Under the Sixth (6) Amendment of the United States Constitution, David Miguel Vicente properly named has the right to be informed or ask why Officer P. Bucher of The Tampa Police Department is asking for his License and Registration. If and when Officer P. Bucher of the Tampa Police Department asks to see his License and Registration, obviously David Miguel Vicente is being accused.

21. Aritcle XIV (14) of the United States Constitution Section One (1), all persons born or naturalized in the United States and subjects to the jurisdiction thereof, are citizens of the United States and the State wherein they reside. No state shall make or enforce any law that shall abridge the privileges or immunities of citizens of the United States, nor shall any State deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction equal protection of laws.

## CAUSE OF ACTION

### (Harassment and Brutality)

22. The Plaintiff Vincente Miguel re-alleges and incorporates herein by this reference, as though set forth in full, the allegations in paragraph 1 through paragraph 21, inclusive.

23. Vincente Miguel properly named David Miguel Vicente was sentenced to write formal letters of apologies to both officers when in actuality Vincente Miguel was the victim.

24. Officer P. Bucher of The Tampa Police Department used false testimony of the Plaintiff vehicle to sway Judge Joelle Ober in his favor.

25. Officer P. Bucher of The Tampa Police Department gave a false and misleading testimony surrounding the actions of the arrest on August 7, 2002 to make Vincente Miguel properly named David Miguel Vicente seem as a criminal and delinquent.

26. Officer P. Bucher of The Tampa Police Department gave a false and misleading testimony surrounding the actions of the arrest on August 7, 2002 to make Vincente Miguel properly named David Miguel Vicente seem as a criminal and delinquent and to sway Judge Joelle Ober in his favor.

27. Vincente Miguel has done no wrong but was put in a situation by officers of The City of Tampa Police Department residing in the State of Florida to destroy him as a person.

28. Vincente Miguel properly named David Miguel Vicente reserves his right for Justice.

29. As a direct and proximate result of the City of Tampa Police Department residing in the State of Florida Vincente Miguel has suffered actual and consequential damages, including but not limited to damages of mental disorder of the world and the laws that bind them together as well as emotional distress. The amount of such damages are currently unknown but will be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Vincente Miguel prays for judgment against Defendant City of Tampa Police Department residing in the State of Florida, in which has the power to enforce the laws in its jurisdiction, as follows:

A. For compensatory and consequential damages in an amount of (160 million dollors) which the amount exceeds this Court's jurisdictional minimum.

B. For exemplary and punitive damages in an amount sufficient to make an example of Defendant City of Tampa Police Department and to deter him and others similarly situated from engaging in similar wrongful conduct in the future.

C. For the reasonable costs incurred in this action.

D. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff Vincente Miguel hereby demands a trial by jury on all issues tri-able by jury.

DATED: February 12, 2003

David Miguel Vicente

317 Benson St

Valrico, Fl 33594

Pro Se


By David Vicente